**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SILVANO PEREZ,<br>*on behalf of himself, FLSA Collective Plaintiffs,*<br>*and the Class,*<br>                    Plaintiff,<br>    v.<br>4017 WIRELESS INC.,<br>    d/b/a TOTAL WIRELESS,<br>3919 WIRELESS INC.,<br>    d/b/a TOTAL WIRELESS,<br>NY CELL SPOT INC.,<br>    d/b/a TOTAL WIRELESS,<br>NY MOBILAI INC.,<br>    d/b/a TOTAL WIRELESS,<br>YARIN NADEL,<br>    a/k/a JOE NADEL, and<br>MICHAEL NADEL,<br>                    Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE**<br>**ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff, SILVANO PEREZ (hereinafter, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this class and collective action Complaint against Defendants, 4017 WIRELESS INC., d/b/a TOTAL WIRELESS, 3919 WIRELESS INC., d/b/a TOTAL WIRELESS, NY CELL SPOT INC., d/b/a TOTAL WIRELESS, NY MOBILAI INC., d/b/a TOTAL WIRELESS (the "Corporate Defendants"), YARIN NADEL a/k/a JOE NADEL and MICHAEL NADEL ("Individual

1

Defendants") (each individually, "Defendant" or, collectively, "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff SILVANO PEREZ alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he, FLSA Collective Plaintiffs and similarly situated individuals are entitled to recover from Defendants: (1) unpaid overtime premium; (2) liquidated damages; and (3) attorney's fees and costs.

2. Plaintiff PEREZ further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid prevailing minimum wage; (2) unpaid overtime premium; (3) unpaid spread of hours premium; (4) statutory penalties; (5) liquidated damages; and 6) attorney's fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, SILVANO PEREZ, is a resident of Queens County, New York.

6. Defendants collectively own and operate four (4) wireless service and cell-phone stores under the trade name "Total Wireless." Defendants' stores are located at the following addresses:

    a) 40-17 Junction Boulevard, Corona, NY 11368 (the "Junction" store);

    b) 39-19 103rd Street, Corona, NY 11368 (the "103rd" store);

    c) 40-04 Warren Street, Elmhurst, NY 11373 (the "Warren" store); and

    d) 103-13 Roosevelt Ave, Corona, NY 11368 (the "Roosevelt" store) (collectively, "the Stores")

7. Defendants operate the Stores as a single integrated enterprise.

a) Defendants own and operate four (4) "Total Wireless"™ franchisee stores.

b) Individual Defendant YARIN "JOE" NADEL manages and controls all the Stores, *See* **Exhibit** A, together with his father and Individual Defendant MICHAEL NADEL.

c) The stores are advertised jointly as part of "Total Wireless" branch network. The website https://www.totalwireless.com/ shows all Defendants' store locations, hours, and contact information. *See* **Exhibit B**.

d) Employees, including Plaintiff, are interchangeable amongst the Stores.

8. Corporate Defendant 4017 WIRELESS INC., d/b/a TOTAL WIRELESS is a domestic business corporation organized under the laws of New York, with a principal place of business and address for service of process located at 4017 Junction Boulevard, Corona, NY 11368.

9. Corporate Defendant, 3919 WIRELESS INC., d/b/a TOTAL WIRELESS, is a domestic business corporation organized under the laws of New York, with a principal place of business and address for service of process located at 3919 103rd Street, Corona, NY 11368.

10. Corporate Defendant NY CELL SPOT INC., d/b/a TOTAL WIRELESS is a domestic business corporation organized under the laws of New York, with a principal place of business located at 103-13 Roosevelt Ave, Corona, NY 11368 and an address for service of process located at 1967 Wehrle Drive, Suite 1 #086, Buffalo, NY 14221.

11. Corporate Defendant NY MOBILAI INC., d/b/a TOTAL WIRELESS is a domestic business corporation organized under the laws of New York, with a principal place of business located at 40-04 Warren Street, Elmhurst, NY 11373 and an address for service of process located at 75-42 198 STREET, FRESH MEADOWS, NY, United States, 11366.Individual Defendant YARIN NADEL a/k/a JOE NADEL is the executive officer and co-owner of Corporate Defendants. YARIN NADEL exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. YARIN NADEL frequently visits the Stores. YARIN NADEL exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Stores may complain to YARIN NADEL directly regarding any of the terms of their employment, and YARIN NADEL would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. YARIN NADEL exercised functional control over the business and financial operations of all Corporate Defendants. YARIN NADEL had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

12. Individual Defendant MICHAEL NADEL is a co-owner and manager of Corporate Defendants. MICHAEL NADEL exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. MICHAEL NADEL frequently visits the Stores. MICHAEL NADEL exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee

4

work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Stores may complain to MICHAEL NADEL directly regarding any of the terms of their employment, and MICHAEL NADEL would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. MICHAEL NADEL exercised functional control over the business and financial operations of all Corporate Defendants. MICHAEL NADEL had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

13. At all relevant times, Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of FLSA.

14. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff SILVANO PEREZ asserts claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including but not limited to flyer distributors, cashiers, client representatives, among others) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (hereinafter, "FLSA Collective Plaintiffs").

16. At all relevant times, Plaintiff SILVANO PEREZ and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans,

5

programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay Plaintiff SILVANO PEREZ and FLSA Collective Plaintiffs their proper overtime premium at one and a half times the regular rate for all hours worked over forty (40) in a workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

17. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

18. Plaintiff asserts claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including but not limited to flyer distributors, cashiers, client representatives, among others) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

19. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also able to be determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

20. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants and there is no doubt that there are more than forty (40) members of the Class.

21. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All Class members were subject to the same corporate practices of Defendants of: (i) failure to pay the prevailing minimum wage; (ii) failure to pay overtime premium; (iii) failure to pay spread of hours premium; (iv) failure to provide proper wage statements per requirements of NYLL; and (v) failure to properly provide wage notices to Class members, at the date of hiring and annually, per requirements of NYLL.

22. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff, and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

23. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Class Plaintiffs in wage and hour cases.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit

against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Defendants and other employers throughout the State violate New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendants employed Plaintiff and the Class within the meaning of New York law and applicable state laws;

   b. What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

   c. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

   d. Whether Defendants properly notified Plaintiff and Class members of their hourly rates and overtime rates;

   e. Whether Defendants operated their business with a policy of failing to pay Plaintiff and Class members the prevailing minimum wage as required by NYLL;

   f. Whether Defendants operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs, and Class members overtime wages of one and a half;

   g. Whether Defendants paid the spread of hours premium owed to employees working more than ten (10) hours per day as required by NYLL;

   h. Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under NYLL and applicable state laws; and

i. Whether Defendants provided proper wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of NYLL and applicable state laws.

## STATEMENT OF FACTS

27. In or around October 2020, Plaintiff SILVANO PEREZ was hired by Defendants to work as a flyer distributor at Defendants' "TOTAL WIRELESS" stores. Plaintiff was employed by Defendants until in or around March 5, 2021.

28. At all times, Plaintiff was transferred and directed to work at Defendants' different Stores as follows:

   a) On or around October 2020, Plaintiff was hired to distribute flyers at Defendants' store 3919 WIRELESS INC., d/b/a TOTAL WIRELESS located at 3919 103rd Street, Corona, NY 11368.

   b) On or around December 2020, Plaintiff was directed to perform work at Defendants' 4017 WIRELESS INC., d/b/a TOTAL WIRELESS located at 4017 Junction Boulevard, Corona, NY 11368.

   c) On or around mid-December 2020, Defendants instructed Plaintiff to perform work at Defendants NY CELL SPOT INC., d/b/a TOTAL WIRELESS business located at 103-13 Roosevelt Ave, Corona, NY 11368 and NY MOBILAI INC., d/b/a TOTAL WIRELESS located at 40-04 Warren Street, Elmhurst, NY 11373

   d) After mid-December 2020, Defendants directed Plaintiff to perform work at any of the four (4) Stores depending on Defendants' needs. Thus, Plaintiff was scheduled to work different shifts at any of Defendants' stores.

      e) Similarly, FLSA Plaintiffs and Class members were freely interchangeable between Defendants' stores.

29. Since the beginning of his employment, Plaintiff was scheduled to work from 10:30 a.m. to 9:00 p.m. for a total of ten and half (10.50) hours per day. Plaintiff worked six (6) days per week, totaling sixty-three (63) hours per workweek. During Plaintiff's employment with Defendants, FLSA Collective Plaintiffs and Class members worked similar hours.

30. Plaintiff was paid $100 per day. At all times while employed by Defendants, Plaintiff was compensated on a fixed daily basis regardless of the number of hours worked in any given week. Plaintiff's fixed daily pay for this period averaged out to approximately $9.52 per hour, below the prevailing NYC minimum wage of $15.00 that Plaintiff was entitled to. At all times, Plaintiff and Class members were paid below the prevailing minimum wage that Plaintiff and Class members were entitled to.

31. For the last seven (7) weeks of Plaintiff's employment, Defendants failed to pay Plaintiff for the time he worked. Plaintiff raised this issue to Individual Defendant YARIN NADEL. When the seventh week without payment passed, Plaintiff presented his notice of resignation to Individual Defendant, who responded by immediately firing Plaintiff. Defendants owe Plaintiff his earned wages for seven (7) full work weeks.

32. Although Plaintiff regularly worked in excess of forty (40) hours per workweek during his employment by Defendants, Defendants never paid him overtime premium for weeks that he worked in excess of forty (40) hours, as required under FLSA and NYLL. There was never any agreement that the fixed weekly salary that Defendants paid Plaintiff covered the overtime hours in excess of forty (40) that Plaintiff worked each week.

33. Similarly, FLSA Collective Plaintiffs and Class Members regularly worked in excess of forty (40) hours per workweek, but never received any overtime premium for the hours in excess of forty (40) that they worked each workweek. As with Plaintiff, there was never any agreement that the fixed weekly salaries that Defendants paid FLSA Collective Members or Class Members were intended to cover overtime hours in excess of forty (40) per week.

34. During his employment by Defendants, Plaintiff regularly worked shifts exceeding ten (10) hours in duration. However, he never received any spread of hours premium for working such shifts, as required under NYLL. Similarly, Class Members regularly worked shifts exceeding ten (10) hours in duration and were never paid spread of hours premium.

35. Defendants never provided Plaintiff with a proper wage statement in violation of NYLL. Similarly, FLSA Collective Plaintiffs and Class members were not provided with proper wage statements as required by NYLL.

36. At no time during the relevant periods did Defendants provide Plaintiffs or Class members with proper wages notices, at the beginning of employment and annually thereafter as required by NYLL.

37. Defendants knowingly and willfully operated their business with a policy of compensating employees, including Plaintiff and Class members, with wages below the prevailing minimum wage in violation of NYLL.

38. Defendants knowingly and willfully operated their business with a policy of not paying the proper overtime rate thereof for all hours worked to Plaintiff, FLSA Collective Plaintiffs, and Class members in violation of FLSA and NYLL.

39. Defendants knowingly and willfully failed to pay Plaintiff, FLSA Collective Plaintiffs, and Class members regular and overtime wages for all hours worked due to Defendants' time-shaving practices.

40. Defendants knowingly and willfully operated their business with a policy of not paying spread-of-hours premium to Plaintiffs and Class members, in violation of NYLL.

41. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices, at the beginning of employment and annually thereafter, pursuant to the requirements of NYLL.

42. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by NYLL.

43. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members.

**STATEMENT OF CLAIM**
**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

44. Plaintiffs reallege Paragraphs 1 through 43 of this Class and Collective Action Complaint as fully set forth herein.

45. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

46. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of FLSA.

47. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

48. At all relevant times, Defendants had a policy and practice that failed to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per workweek.

49. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

50. Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including their proper overtime premium, when Defendants knew or should have known such was due.

51. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under FLSA.

52. As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

53. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and unpaid overtime, plus an equal amount as liquidated damages.

54. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their

reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

55. Plaintiff reallege Paragraphs 1 through 54 of this Class and Collective Action Complaint as if fully set forth herein.

56. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of NYLL, §§ 2 and 651.

57. At all relevant times, Defendants engaged in a policy and practice of refusing to pay Plaintiff and Class members the NYC minimum wage.

58. Defendants failed to pay Plaintiff and Class members a minimum wage hourly compensation in the lawful amount for their hours worked.

59. Defendants willfully violated the rights of Plaintiff and Class members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

60. Defendants failed to properly notify employees of their overtime rate, in direct violation of NYLL.

61. Plaintiff and Class members regularly worked days that exceeded ten (10) hours per day. Defendants willfully violated Plaintiff and Class members' rights by failing to pay spread of hours premium to Plaintiff and Class members for each day their workday exceeded ten (10) hours.

62. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class members proper wage notice, at date of hiring and annually thereafter, as required under NYLL.

63. Defendants knowingly and willfully operated their business with a policy of not providing wage statements, as required under NYLL.

64. Due to Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages, unpaid overtime, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorney's fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff SILVANO PEREZ, on behalf of himself, FLSA Collective Plaintiffs, and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wage due under NYLL;

d. An award of unpaid overtime compensation due under FLSA and NYLL;

e. An award of unpaid spread of hours premium due under NYLL;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and spread of hours premium pursuant to NYLL;

    h.    An award of statutory penalties, prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorney's and expert fees and statutory penalties;

    i.    Designation of Plaintiff as Representative of FLSA Collective Plaintiffs;

    j.    Designation of this action as a class action pursuant to F.R.C.P. 23;

    k.    Designation of Plaintiff as Representative of the Class; and

    l.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date: December 16, 2021  
      New York, New York

Respectfully submitted,  
By:  /s/ *CK Lee*  
C.K. Lee, Esq.  
**LEE LITIGATION GROUP, PLLC**  
C.K. Lee (CL 4086)  
Anne Seelig (AS 3976)  
148 W. 24th Street, 8th Floor  
New York, NY 10011  
Tel.: 212-465-1180  
Fax: 212-465-1181  
*Attorneys for Plaintiff,*  
*FLSA Collective Plaintiffs,*  
*and the Class*