UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SILVANO PEREZ
On behalf of himself, FLSA Collective Plaintiffs,
and the Class

                           **Plaintiffs,**

4017 Wireless INC.,
d/b/a TOTAL WIRELESS,

3919 WIRELESS INC.,
d/b/a TOTAL WIRELESS

NY CELL SPOT INC.,
d/b/a TOTAL WIRELESS

YARIN NADEL
a/k/a JOE NADEL, and

MICHAEL NADEL,

                  **Defendants,**                  **Index No.: 21cv6927**

-----------------------------------------------------------------X

## DEFENDANT(S) ANSWER TO PLAINTIFF'S COMPLAINT

Defendant(s), 4017 Wireless INC. (d/b/a TOTAL WIRELESS), 3919 WIRELESS INC., (d/b/a TOTAL WIRELESS) , NY CELL SPOT INC. (d/b/a TOTAL WIRELESS) and YARIN NADEL (a/k/a JOE NADEL), ("Defendants") say by way of their attorney, Law Offices of Meir Moz, as and for its Verified Answer and Affirmative Defenses to the class and collective action complaint, dated November 8, 2021 ("Complaint"), of Plaintiff, SILVANO PEREZ on behalf of himself, FLSA Collective Plaintiffs, and the Class ("Plaintiffs"), as follows:

## DENIALS

1. Defendants deny the allegation(s) in the paragraph(s) of Plaintiff's Complaint enumerated: "1" and "2"

2. Defendants deny the allegation(s) in the paragraph(s) of Plaintiff's Complaint enumerated in paragraphs "3" and "4" as the Plaintiffs have failed to establish proper jurisdiction to bring forth this complaint against the Defendants and, thus, making jurisdiction improper for the hearing of the Plaintiff's complaint.

3. The Defendants lack sufficient knowledge or information to determine the truth of the statements enumerated in paragraphs "5" regarding the residence of the Plaintiff and any and all Plaintiffs in connection with this action not stated in the complaint.

4. Defendants deny the allegations enumerated in paragraph "6" regarding the principal place of business of the Defendants.

5. Defendants deny the allegation(s) in the paragraph(s) of Plaintiffs Complaint enumerated:"7","8", "9", "10", "11", "12", "13", and "14".

6. Defendants deny allegation(s) outlined in paragraph(s)15" ,"16", and "17" with respect to Plaintiffs FLSA Collection Actions Allegations.

7. Defendants deny allegation(s) outlined in paragraph(s) "18", "19", "20", "21", "22", "23", "24", "25", and "26" with respect to Rule 23 for Class Allegations in the state of New York.

8. Defendants deny the allegations outlined in paragraph(s)"27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40", "41", "42", and "43".

## AS FOR AN ANSWER TO PLAINTIFFS FIRST CAUSE OF ACTION:

### VIOLATION OF THE FLSA

9. As to paragraph numbered "44", the Defendant once again repeats; reiterates; realleges and restates the answers and statements made to Plaintiff's allegations labeled "1" through "43" as if stated once again, with the same full force and effect herein.

10. Denies allegations contained in paragraph labeled "45" through "54" of the Plaintiff's Summons and Complaint.

## AS FOR AN ANSWER TO PLAINTIFFS SECOND CAUSE OF ACTION: VIOLATION OF THE NEW YORK LABOR LAW

11. As to paragraph numbered "55", the Defendant once again repeats; reiterates; realleges and restates the answers and statements made to Plaintiff's allegations labeled "1" through "54" as if stated once again, with the same full force and effect herein.

12. Denies allegations contained in paragraph labeled "56" through "64" of the Plaintiff's Summons and Complaint.

## DEFENDANTS AFFIRMATIVE DEFENSES

### AS FOR A FIRST AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM

13. Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), Plaintiff has failed to state a claim against the Defendant upon which relief may be granted.

### AS FOR A SECOND AFFIRMATIVE DEFENSE: JURISDICTION/VENUE

14. This Honorable Court lacks personal jurisdiction over this answering Defendant as service of the Summons and Complaint herein was not made in accordance with the requirements of the Civil Practice Law and Rules. Additionally, this Honorable Court lacks venue over this action.

### AS FOR A THIRD AFFIRMATIVE DEFENSE: ACCORD & SATISFACTION

15. Any and all duties which these Defendant(s) owed the Plaintiff(s) as an employer, which include but are not limited to, paid wages in full have been provided in full by these Defendant(s).

## AS FOR A FOURTH AFFIRMATIVE DEFENSE: FAILURE TO MITIGATE DAMAGES

16. Plaintiffs have failed to mitigate the damages caused by taking steps in order to reduce the potential expenditures exposed to the Defendants as outlined in the Plaintiff's summons and complaint.

## AS FOR A FIFTH AFFIRMATIVE DEFENSE: IMPOSSIBILITY OF PERFORMANCE

17. The Defendant(s) ability to provide any sum of money to the Plaintiff(s) is impossible as these Defendant(s) have fulfilled their duties in full satisfaction as employer(s).

## AS FOR A SEVENTH AFFIRMATIVE DEFENSE: PLAINTIFF'S OWN NEGLIGENCE

18. Any damages suffered by plaintiff were caused in whole or in part due to Plaintiff(s) own negligence and any recovery should be apportioned accordingly.

## AS FOR AN EIGHT AFFIRMATIVE DEFENSE: SUPERSEDING AND INTERCEDING CAUSE

19. The damages alleged, all of which are denied by these answering Defendants, were caused by the intervening, interceding and superseding acts of third parties not under the control of this answering defendant and, therefore, the complaint against the Defendants should be dismissed or the damages recovered by the Plaintiffs, if any should be

diminished or reduced in the proportion to said culpable conduct which caused the damages.

### AS FOR A NINTH AFFIRMATIVE DEFENSE: UNCLEAN HANDS DOCTRINE

20. Plaintiffs are not entitled to an equitable remedy under the unclean hands doctrine due to the fact Plaintiffs had engaged in practices with the Defendants in bad faith which caused injury to the Defendant and does not entitle Plaintiff to any remedy for such conduct.

### AS FOR A TENTH AFFIRMATIVE DEFENSE: LIMIT TO DEFENDANT'S SHARE OF LIABILITY

21. If the answering Defendants are found liable, such liability is less than or equal to 50% of the total liability of all persons who may be found liable and, therefore, these answering Defendants' liability shall be limited to its equitable share.

### AS FOR AN ELEVENTH AFFIRMATIVE DEFENSE: CONTRIBUTORY NEGLIGENCE

22. If the damages sustained by the Plaintiffs were at the time and place and in the manner alleged in the Complaint, such injuries and damages are attributable, in whole or in part, to the culpable conduct of the Plaintiffs.

23. If any damages are recoverable against said Defendants, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct, if any, of said defendants.

### AS FOR A TWELVETH AFFIRMATIVE DEFENSE: DEFENDANT IS NOT LIABLE DUE TO PLAINTIFF'S OWN NEGLIGENCE

24. That any injury or injuries sustained by plaintiff herein were not caused by any negligence or carelessness of the answering Defendants, but same were caused solely by the negligence of the Plaintiffs, and of said negligence or carelessness of the Plaintiff contributed to and caused the injuries complained.

## AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE: ADDITIONAL DEFENSES

25. Defendant will rely upon any and all further defenses that become available or appear during discovery in this action and hereby specifically reserve his right to amend its Answer for the purpose of asserting any such additional defenses.

Dated: Mineola, New York
       January 4, 2022

/s/ MEIR MOZA, ESQ.

Law Offices of Meir Moza
*Attorneys for the Defendants*
217 Willis Ave.
Mineola, NY 11501
(516) 741-0003

To:
Lee Litigation Group, PLLC.
*Attorney for the Plaintiff(s)*
148 West 24th Street, Eight Floor,
New York, NY 10011
(212)-465-1180